**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 25, 2007**

_____
**ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| INTERNATIONAL FOUNDRY TOOLING, INC., | § § § | CASE NO. 05-30444-RCM |
| Debtor. | § | Chapter 11 |

| | | |
|---|---|---|
| E.P. BUD KIRK, in his capacity as personal representative of the Estate of International Foundry Tooling, Inc., | § § § § | |
| Plaintiff | § § | |
| v. | § | ADV. NO. 07-3001 |
| | § § | |
| STEVEN L. NANINI and NANINI NORTHWEST, INC., | § § § § | |
| Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING (1) MOTION OF E.P. BUD KIRK
FOR PARTIAL RELIEF FROM OPERATION OF CONFIRMATION ORDER,
(2) PLAINTIFF'S EXPEDITED MOTION FOR PARTIAL RELIEF FROM OPERATION
OF CONFIRMATION ORDER, (3) DEFENDANTS' MOTION TO STRIKE MOTION
FOR PARTIAL RELIEF FROM OPERATION OF CONFIRMATION ORDER,
AND (4) DEFENDANTS' MOTIONS TO DISMISS COMPLAINT**

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING (1) MOTION OF E.P. BUD KIRK
FOR PARTIAL RELIEF FROM OPERATION OF CONFIRMATION ORDER,
(2) PLAINTIFF'S EXPEDITED MOTION FOR PARTIAL RELIEF FROM OPERATION OF
CONFIRMATION ORDER, (3) DEFENDANTS' MOTION TO STRIKE MOTION FOR
PARTIAL RELIEF FROM OPERATION OF CONFIRMATION ORDER,
AND (4) DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

On September 18, 2007, came on for hearing the Motion for Partial Relief from Operation of Confirmation Order filed as docket entry # 89 in the bankruptcy case of International Foundry Tooling, Inc. (the "Debtor") as well as the Expedited Motion for Partial Relief from Operation of Confirmation Order filed as docket entry # 24 in this adversary proceeding that is filed in the Debtor's bankruptcy case. Both Motions were filed by E.P. Bud Kirk in his capacity as personal representative of the Debtor's Estate appointed under its confirmed plan of liquidation ("Kirk"). The two Motions are substantially identical, except that the one filed in this adversary proceeding was served only on the Defendants while the one filed in the main bankruptcy case was served on all of the Debtor's creditors, with a notice (in accordance with Local Rules) providing that if no objection or response were filed within 20 days of its service, the Motion might be granted by the court without further notice or hearing.

In each Motion, Kirk requests the court to essentially remove the reference in the plan to a deadline for Kirk to file certain causes of action, of 180 days following the effective date of the plan. As such, even though styled as motions for relief from an order under Fed.R.Bankr.P. 60(b), the court views the relief requested in the Motions (the "Modification Motions") as essentially the post-confirmation modification of a plan under 11 U.S.C. § 1127(b).

Defendants in this adversary proceeding Steven L. Nanini and Nanini Northwest, Inc. (the "Defendants") filed, as docket entry # 29, a Motion to Strike a number of the Plaintiff's pleadings, including the Modification Motion filed in this adversary. Much later they filed a substantially similar Motion to Strike that is docketed as entry # 57, also in this adversary proceeding. That second Motion to Strike was filed shortly after the Modification Motion was filed in the main bankruptcy case. Therefore, and because the second Motion to Strike is essentially duplicative of the one docketed earlier in this adversary proceeding, the court has treated the second Motion to Strike filed in the adversary as in fact responsive to the Modification Motion that was filed in the main bankruptcy case. Both Motions to Strike were thus effectively argued and considered by the court at the hearing on September 18, 2007.

In addition, the court has previously entered orders on the Defendants' Motions, docketed in the adversary as docket entries # 8 and # 9, to Dismiss this adversary proceeding. Those orders (docketed in the adversary as docket entries # 35 and # 36) granted the Motions to Dismiss but were expressly only interlocutory and according to their own terms would not become final "pending the court's ruling on the Plaintiff's Motion for Partial Relief from Confirmation Order." Thus, implicit in the court's consideration at the hearing on September 18, 2007, of the Modification Motions was also its (re)consideration of the Defendants' Motions to Dismiss.

Finally, also set on an expedited basis for hearing on September 18, 2007, was the Motion to Intervene filed by Empire Motors, Inc., which Motion is docketed as entry # 58 in the adversary proceeding.

The foregoing and following are the court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and 9014.

## Background and Procedural History

The Debtor filed a case under Chapter 11 in March of 2005, and its plan of liquidation was confirmed on November 15, 2005. Under that plan, the Debtor's tangible assets and accounts receivable were sold to Empire Motors, Inc. ("Empire"). The Debtor's estate was preserved and Kirk was appointed personal representative of that estate for the purpose of prosecuting certain causes of action and collecting and distributing the proceeds of that litigation in accordance with the plan's terms. Among the causes of action identified in the plan and accompanying disclosure statement were claims against the Defendants herein.

On January 10, 2007, Kirk filed his complaint commencing this adversary proceeding. In that complaint, he alleges claims for damages for conversion of certain property of the Debtor (certain tooling, patterns and core boxes) and for breach of contract, as well as exemplary damages.

On February 16, 2007, the Defendants each filed a Motion to Dismiss under Fed.R.Bankr.P. 7012(b)(1) and (6), claiming, among other things, that Kirk's claims were time-barred under the confirmed plan. In particular, they contended that Section IX on page 10 of the First Amended Plan of Liquidation filed by the Debtor (docket entry # 54), as confirmed by order entered on November 18, 2005 (docket entry # 64), provided in relevant part that "KIRK as distribution agent and counsel for the estate may initiate any adversary proceedings to recover

3

estate property . . . at any time prior to 180 days after the effective date of confirmation." On page 4, the Debtor's First Amended Disclosure Statement (docket entry # 55) that accompanied the First Amended Plan defined "Effective Date" as thirty days after entry of the confirmation order or, in this case, December 18, 2005. The deadline for Kirk to file this adversary, the Defendants argue, was therefore June 18, 2006, long before it was in fact filed on January 10, 2007.

The Motions to Dismiss were first set for hearing on March 20, 2007. The day before that hearing, Kirk filed his Modification Motion in the adversary, along with a motion to expedite the hearing on that Motion so that it would be heard along with the Motions to Dismiss the next day. The Defendants filed that same day (March 19th) before the hearings their (first) Motion to Strike the Modification Motion, arguing that they had had insufficient notice to address it at the hearing on March 20th. In light of that complaint, the court set a hearing on the motion to expedite for March 20, 2007, and at that hearing ordered that the hearing on the Modification Motion be continued until April 24, 2007. The court did hear the Motions to Dismiss on March 20th, however, and determined to grant those motions on an interlocutory basis, withholding its final decision until it considered and ruled on the Modification Motion.

Kirk then filed an unopposed request to continue the April 24th hearing which was granted, and the hearing on the Modification Motion was continued until May 22nd. Kirk then filed a series of unopposed requests to continue the hearing (a total of six requests for six resets) on the Modification Motion. Finally, on September 18, 2007, the hearing was held.

Prior to that hearing, though, on August 16, 2007, Kirk filed an essentially identical Modification Motion in the Debtor's bankruptcy case, and served that Motion on all of its creditors. That Modification Motion contained a notice requiring that any response or objection be filed within 20 days of its service. More than twenty days later, on September 14, 2007, Empire filed a response in support of the Modification Motion in the bankruptcy case. No other response or objection was filed to that Motion in the bankruptcy case but, as mentioned above, the Defendants filed in the adversary proceeding, with the style of the adversary proceeding on the pleading, a Motion to Strike the Modification Motion, and the court has considered that Motion to Strike as responsive to the Modification Motion filed in the main case.

Finally, on September 14, 2007, Empire filed a Motion to Intervene in the adversary proceeding and filed a motion to expedite the hearing on that Motion, to be heard on September

4

18th as well. The court was advised of that filing on the afternoon of September 17, and set the Motion to Intervene for hearing on September 18, 2007, along with the other matters.

Kirk, counsel for the Defendants, and counsel for Empire appeared at the hearing and the court heard argument on the Modification Motions, and by necessary implication, on the Motions to Strike and the Motions to Dismiss. No evidence was presented by any party.

At the conclusion of the hearing, after deliberation, the court dictated its findings and conclusions on the record, denying the Modification Motions and granting, on a final basis, the Defendants' Motions to Dismiss. (In light of those rulings which essentially rendered the Motion to Intervene moot, the court did not reach that Motion.) The court indicated that it would prepare the orders in accordance with that ruling. Sua sponte, the court has now reconsidered and hereby revises its findings and conclusions and reverses the rulings pronounced on September 18, 2007.

### Findings and Conclusions

The court finds that the Debtor's First Amended Plan of Liquidation (the "Plan") should be modified, and the 180-day time limit imposed on Kirk, as personal representative of the Debtor's estate, to file litigation to recover for the creditors of the estate is found to be of no effect and should be stricken. The only evidence in the record shows that no party opposed the modification to eliminate that provision other than the Defendants. There was no evidence offered to show that the Defendants were creditors of the estate or interest holders or otherwise had a right to notice of the Plan's provisions[1] regarding any potential suit against them. They therefore have no standing to object to the proposed modification of the Plan.

The purpose of the Plan and of Kirk's prosecution of post-confirmation litigation was obviously to maximize recovery for the benefit of creditors. It is therefore apparent that the proposed elimination of the 180-day deadline is in the best interests of creditors and the estate, which conclusion is supported by the absence of any objection from any creditor or interest holder of the Debtor.

In contrast, there was no evidence offered at the September 18th hearing of what purpose the 180-day deadline served, or of its necessity or even advisability, considering that the law would otherwise provide a more expansive limitations period. *See* 11 U.S.C. § 108 (non-

---

[1] There is no mention of the 180-day deadline in the Disclosure Statement or the First Amended Disclosure Statement.

5

bankruptcy statutes of limitations are tolled during the bankruptcy case until the later of two years after the order for relief or the deadline under the applicable statute of limitations); 11 U.S.C. § 546 (deadline for bringing avoidance actions is two years from the order for relief); Tex. Civ. Prac. & Rem. § 16.003(a) (two-year statute of limitations for, among other torts, "conversion of personal property [and] taking or detaining the personal property of another"); Tex. Civ. Prac. & Rem. § 16.004(a)(3) (four-year statute of limitations for, among other things, breach of contract and for debt); *see also* Tex. Civ. Prac. & Rem. § 16.070(a) ("a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.").

Based on all the foregoing, the court finds that notice of the proposed modification of the Plan was proper and adequate, that "circumstances warrant such modification" and that the modification should therefore be allowed, and that the Plan as so modified should be confirmed. *See* 11 U.S.C. § 1127(b).

## Conclusion

Accordingly, the court will enter (1) an order granting each of the Modification Motions; (2) an order denying each of the Motions to Strike; and (3) a final order denying each of the Motions to Dismiss and, in accordance with Fed.R.Bankr.P. 7012(a), requiring that the Defendants file their answers within ten (10) days. The court also finds that, in light of those orders, a scheduling order should be entered providing for the filing of responsive pleadings and affidavits, if any, with respect to the Motion to Intervene, so that the court may decide that matter on the papers filed.

# # #

orders/adversary\nanini\opinion draft 2.wpd